The opinion of the Court was delivered by
ColoocK, J.
The plaintiff’s title was complete ; but it was objected, that Dukes could not convey, inasmuch as Bradley and wife, by their long possession, had acquired a title. Mrs. Bradley went in under a conditional agreement to purchase; she would not therefore, be permitted to claim adversely to Dukes. But neither she nor her husband have pretended to do so. They abandoned the land, and agreed that Dukes should convey to the plaintiff. No fraud was proven, or even insinuated, in Bradley and Dukes.
Even if this possession could be considered as adverse, the defendant’s title was imperfect. It is indispensably necessary to produce the judgment and execution, under which the land is sold, to perfect a sheriff’s title.
But it is clear, that if Conyers ever had a right to sell, — that is, if he ever had an execution against Bradley, — that the purchase by Broughton *41*11 was a mere C0Yer for Bradley; for his receipt for the money paid -* *to Conyers is dated 3d October, 1808, and on the 6th of November, 1810, he witnessed a receipt from Bradley and wife, to Richardson, for the consideration money paid for this very land. Can it be believed that, if he had seriously bought the land in 1808, that he would have witnessed a transfer of it to another by Bradley, and not have interposed his claim ?
The motion is dismissed.
Nott, Johnson and HugeR, JJ., concurred.
Gantt, J., absent, from indisposition.